BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00110-WBS-DAD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $67,646.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 5, 2014, agents with the Alameda County Narcotics Task Force ("ACNTF") contacted Cedric Sewell ("Sewell" or "Claimant") during a probation search at 1833 Houston Avenue, Stockton California.  The agents seized Approximately $67,646.00 in U.S. Currency ("defendant currency") from Sewell during this encounter.  The Federal Bureau of Investigation ("FBI") adopted the defendant currency for federal forfeiture on March 19, 2014.

2. The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about June 10, 2014, the FBI received a claim from Sewell asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on

March 5, 2014, agents conducted a probation search of Sewell's residence at 1833 Houston Avenue, Stockton, California.  As agents entered the residence, they saw the defendant walking out of the kitchen area.  Sewell was quickly apprehended.  Agents observed a .38 caliber revolver approximately eight feet from the defendant. The firearm was fully loaded with live rounds.  The kitchen had been converted into a heroin manufacturing operation, including strainers, digital scales, cutting agents, and hundreds of baggies.  Agents located heroin, cocaine, a pay/owe sheet, a money counter, and a variety of manufacturing and distribution indicia throughout the house.  Among the items recovered were: over 5 kilograms of heroin, 500 grams of cocaine, several firearms (including an AR-15 assault rifle), Approximately $67,646.00 in cash and a cache of ammunition.  During the initial clearing of the residence, the defendant made several spontaneous statements including: (1) he was the only one who lived at 1833 Houston Avenue, (2) there was heroin in the kitchen, (3) there was a gun by his bed, (4) there was a gun by his desk, and (5) there was an AR-15 in his closet, and (6) he had been doing "this" since he was 15 years old.

4.   The Unites States could further show at a forfeiture trial that Sewell has been previously convicted of possession/purchase of a controlled substance for sale and felon in possession of a firearm.

5.   The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6.   Without admitting the truth of the factual assertions contained in the stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Claimant hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States,

Consent Judgment of Forfeiture

as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest of Cedric Sewell in the defendant Approximately $67,646.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

4. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

5. All parties will bear their own costs and attorney's fees.

6. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated: January 14, 2015

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE